**AFFIDAVIT OF MARK K. WHEELER**
**IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Mark K. Wheeler, do hereby depose and state as follows:

1) I am a Massachusetts State Police Trooper and have been so employed for the past ten years. I am currently assigned to the Division of Investigative Services Special Investigations Unit of the Massachusetts State Police and also to the Federal Bureau of Investigation ("FBI") Violent Crimes Task Force in Boston, Massachusetts. Prior to my current position I was assigned to the State Police Detective Unit in Plymouth County working Homicide/General Investigations. I am a graduate of the 79th Recruit Training Troop from the Massachusetts State Police Academy, and have been previously assigned to the Division of Field Services, where I worked in both the State Police South Boston and Danvers Barracks.

2) I have received training from the Massachusetts State Police which includes, but is not limited to, the investigation of homicides, suicides, overdose deaths, motor vehicle fatalities, unattended deaths, narcotics violations, domestic violence, armed and unarmed robbery, breaking and entering, and larceny investigations. I have been involved in the investigation of approximately fifty (50) homicides, two hundred (200) various death investigations, and the investigations of

1

hundreds of criminal offenses. I have testified in Federal Court and multiple Superior and District Courts within the Commonwealth.

   3)   As a Task Force Officer, I have directed, conducted, and participated in many investigations of criminal violations of various federal laws. In this position I have responded to numerous bank robbery investigations and am aware that 18 U.S.C. § 2113(a) makes it a crime for anyone by force and violence, or by intimidation, to take, or attempt to take, from the person or presence of another, any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of any federally insured bank. I am further aware that 18 U.S.C. § 2113(d) provides additional potential punishment for anyone who, in the course of committing an offense described in 18 U.S.C. § 2113(a), assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device.

   4)   I make this affidavit in support of a criminal complaint charging Stephen D. Williams ("Williams"), DOB xx/xx/1963, of Boston, Massachusetts with the armed bank robbery of a branch of Mansfield Bank located at 728 West Center Street, West Bridgewater, Massachusetts, on November 22, 2016.

5)   The information contained in this affidavit is the result of my own personal involvement in this investigation and my discussion with other law enforcement officers also involved in the investigation.  In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause that the aforementioned crime was committed by Stephen D. Williams.

### THE ROBBERY OF MANSFIELD BANK

6)   On November 22, 2016, at approximately 2:20 p.m., an individual entered a branch of Mansfield Bank located at 728 West Center Street, West Bridgewater, Massachusetts.  The individual approached a teller ("Teller #1"), pointed what appeared to be a black semi-automatic handgun at her, and stated, in substance, "Give me the money, open your drawer, 100's, 50's, 20's no dye packs."  Teller #1 then handed the individual ("the robber") U.S. currency from her drawer.  The robber took the money and then exited the bank.  After the robber left the bank, Teller #1 observed the robber enter a dark-colored sedan and leave the area.

7)   Following the robbery, Teller #1 was interviewed.  Teller #1 described the robber as a black male, approximately 50

years old, and 5'8" in height. Teller #1 additionally stated that the robber was wearing a beige or gray baseball hat and a gray sweatshirt bearing the word "NATION" printed on the front.

8) Following the robbery another bank teller, ("Teller #2") was interviewed and stated that he had observed the robber exit the bank and enter a dark colored sedan and leave the area. Teller #2 stated that he was able to take a photograph of the dark colored sedan with his cell phone's camera. A copy of the photograph was provided to the responding law enforcement officers.

9) Interior and exterior bank surveillance cameras were operating and functioning on the date of the robbery. The bank's interior cameras captured images of the robber as he entered the bank, robbed the teller, and then exited the bank. The interior cameras captured images of the robber wearing a gray/beige baseball hat and a gray sweatshirt. Written on the sweatshirt is the word "NATION." The bank's exterior cameras captured images of the robber as he exited the bank and towards the Volkswagen. The exterior cameras also captured images of the Volkswagen as it left the area.

10) A post-robbery audit determined that the robber had taken $1,760.00 in U.S. currency during the robbery.

4

11)  Within minutes of the robbery, law enforcement officers arrived, interviewed the tellers, and observed footage from the bank's interior and exterior surveillance cameras.  Law enforcement officers determined that the vehicle that robber had been observed entering into and then leaving the area was a dark colored Volkswagen ("the Volkswagen").  They also noted that the Volkswagen was missing gas-cap shield.  Law enforcement was aware that a similar Volkswagen, bearing Massachusetts license plate number XXX268, had been reported stolen out of Quincy a few days before this robbery and had been suspected of being involved in a string of recent bank robberies.  At that time law enforcement issued a be-on-the-lookout alert ("BOLO") for the Volkswagen.

**THE IDENTIFICATION AND ARREST OF STEPHEN D. WILLIAMS**

12)  On November 23, 2016, members of the FBI's Violent Crimes Task Force ("VCTF") were contacted and observed footage from the bank's interior and exterior surveillance cameras from the date of the robbery and recognized the robber as Williams.  The VCTF were familiar with Williams because on November 7, 2016, the VCTF arrested Williams for a bank robbery in Cambridge.  Law enforcement officers queried the CJIS database and learned that Williams had been released on bail, and that

there was currently a warrant issued by the Cambridge District Court for his arrest.

    13)  Later in the that day, November 23, 2016, law enforcement received information that the above described Volkswagen, bearing Massachusetts registration plate XXX628, had been located outside an apartment building at 165 Carl Avenue, Brockton, Massachusetts.  Law enforcement arrived at the location and commenced surveillance on the Volkswagen and the area.  At approximately 1:45 p.m., law enforcement was given permission to access the apartment building's interior surveillance cameras.  On the surveillance cameras law enforcement observed an individual, later determined to be Williams, in the hallway of the second floor of the apartment building outside of apartment #95.  Law enforcement officers went to that area and immediately arrested Williams.  Williams, after being advised of his rights, did not make a statement.

    14)  Law enforcement officers later determined that Williams had been staying in apartment #95 with the apartment's occupant, Robin Dabreu ("Dabreu").  Dabreu was interviewed and stated that she knows Williams, and that Williams and another individual had been staying at the apartment for a few days. Dabreu was shown surveillance photographs from the

6

aforementioned robbery and she, Dabreu, positively identified Williams as the individual depicted in the robbery.  Dabreu then provided law enforcement written consent to search her apartment.  Located in the apartment was a gray sweatshirt bearing the word "NATION." The sweatshirt is consistent with the sweatshirt worn by the robber in the aforementioned robbery. Dabreu stated that the sweatshirt belonged to Williams. Additionally, law enforcement officers located keys to the Volkswagen which was parked outside the apartment on Carl Avenue. Located within the Volkswagen was a hat consistent with the hat worn by the robber in the aforementioned robbery.

    15)  On December 6, 2016, law enforcement officers returned to Mansfield Bank and conducted a photo array with Teller #1. Teller #1 positively identified Williams as the robber who had robbed Mansfield Bank on November 22, 2016.  Teller #1 stated that she recognized the robber's nose and ears in the photograph.

## CONCLUSION

    16)  Based on the foregoing, I believe there is probable cause to believe that on November 22, 2016, Stephen D. Williams did by force and violence, and by intimidation, take and attempt to take, from the person or presence of another, property or

money or any other thing of value belonging to, or in the care, custody, control, management, or possession of a federally insured bank to wit: Mansfield Bank, 725 West Center Street, West Bridgewater, Massachusetts, and in committing such offense did assault and put in jeopardy the life of another person by the use of a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d).

_____
MARK K. WHEELER
MASSACHUSETTS STATE POLICE
FBI-VIOLENT CRIMES TASK FORCE

Subscribed and sworn to before me this 21st day of February 2017.

_____
JENNIFER C. BOAL
CHIEF U.S. MAGISTRATE JUDGE