UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )      CRIMINAL NO 17-10054-MLW
                              )
STEPHEN D. WILLIAMS,          )
          Defendant.          )

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in the above-captioned case, which is scheduled for sentencing on March 14, 2018.  For the reasons outlined in this memorandum, the Government believes that a sentence of 120 months' imprisonment, a sentence within the advisory guidelines, is the appropriate sentence in this matter.  Additionally, the government requests that upon completion of his sentence, the defendant be placed on a period of supervised release for a period of 60 months, pay restitution in the amount of $2,287.00, and pay a mandatory special assessment of $200.00.

I.   **PROCEDURAL HISTORY**

On December 19, 2017, Stephen D. Williams ("Williams") pled guilty to a two-count Superseding Information charging; one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a).

## II.   FACTS

The facts, as stated in the Pre-Sentence Report ("PSR"), are largely uncontested.  On December 19, 2017, Williams pled guilty to a Superseding Information charging him with the November 22, 2016, armed robbery of a branch of the Mansfield Bank in West Bridgewater[1], and the unarmed robbery of a branch of the RTN Federal Credit Union in Brookline.

## III. GUIDELINE ANALYSIS

### A. Offense Level Computation

#### 1. Offense Level Calculations

**PSR ¶ 35 and ¶ 41 Base Offense Level:**

The Government agrees with Probation's conclusion that Williams's Adjusted Offense Level for Count-One of the Superseding Information is 25, and that the Adjusted Offense Level for Count-Two of the Superseding Information is 22.

#### 2.   PSR ¶ 45 – Combined Adjusted Offense Level

The Government agrees with Probation's conclusion that the combined Adjusted Offense Level for the two Counts of the Superseding Information is 27.

---

[1] The Government agrees with the defendant and Probation that no weapon was displayed by Williams during the commission of this robbery.  It appears from surveillance footage that Williams kept his hand in his pocket and pointed an object within his pocket at the victim teller.  It should be noted that a co-defendant in this matter, Joseph Morris, who was indicted in Norfolk superior Court, pled guilty and received a term of imprisonment of 8-10 years.

### 3. PSR ¶ 49-Total Offense Level

The government agrees with Probation's conclusion that he Total Offense Level is 24.

**B. Defendant's Criminal History**

As outlined in the PSR, Williams has an extensive criminal record resulting in 16 criminal history points that place him in Criminal History Category VI [PSR ¶ 88].

**D. Sentencing Options**

The Government agrees with Probation's conclusion that based on a Total Offense level of 24, and a Criminal History Category of VI, the defendant's guideline imprisonment range is 100 to 125 months' imprisonment [PSR¶ 150].

**IV.  SENTENCING RECOMMENDATION**

18 U.S.C. § 3553(a) requires a sentencing court to consider specific enumerated factors when determining an appropriate sentence.  These factors include:  1) the nature and circumstances of the offense and the history and characteristics of the defendant, and 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant.

For the reasons detailed below, the Government believes that a sentence of 110 months' imprisonment, the mid-range of the guidelines, is fair, just, and takes into account the factors enumerated in 18 U.S.C. § 3553(a).

Williams is a life-long violent criminal with an extensive history of convictions. Williams' record of convictions commenced in 1982 and has continued until 2016 when he was arrested on these instant charges. Williams record reveals multiple convictions for larceny (10x); Breaking and entry (8x); Escape; Burning a building; Auto theft (7x); Receiving stolen property (4x); and robbery. Between 1982 and 2016, Williams has been arrested on convicted on 33 occasions totaling over 100 charges. Williams has been sentenced to jail on 30 occasions. These sentences range in duration from 60 days' imprisonment to 15-18 years' imprisonment. In most of these cases, Williams was also found to be in violation of his probation.

Williams has used alias names on arrests on 25 occasions and has utilized over 14 different DOB's, suggesting an attempt to conceal his identity during law enforcement contact and or arrests.

The seriousness of robbery, whether bank or otherwise, can hardly be understated, as it greatly affects the lives of the victims.

While there is little to no doubt that Williams has endured a challenging life involving drug dependencies issues, it is evident he has refused to learn from his mistakes.  Williams has faced numerous periods of imprisonment where he was given opportunities to receive state-sponsored drug treatment, educational enhancement, and job training.  Despite such, Williams reverted to criminal behavior.  In short, Williams' criminal record clearly demonstrates his inability and unwillingness to adjust his lifestyle and conform his behavior to acceptable societal norms.

The government's recommendation, while quite severe, will allow Williams during this period of imprisonment to gain access to multiple educational programs, job-training programs, and necessary drug treatment programs.  Upon completion of his sentence, Williams as a condition of his supervised release will be given opportunities to enhance these training and counseling experiences.  These factors will hopefully serve as the deterrent Williams needs to stop his return to criminal behavior post imprisonment.

## V.   CONCLUSION

For the reasons stated herein, the Government requests this Court impose a sentence of 110 months' imprisonment. Following the completion of this sentence, the Government requests that Williams be placed on supervised release for a period of 60

months, pay restitution in the amount of $2,287.00, and pay a mandatory special assessment of $200.

This is a just and appropriate sentence as dictated by the circumstances of this case and William's criminal history.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: **/s/ Kenneth G. Shine**
KENNETH G. SHINE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing upon defendant's counsel of record by electronic filing notice.

**/s/ Kenneth G. Shine**
KENNETH G. SHINE
Assistant U.S. Attorney