UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                     ) | No. 17-cr-10054-MLW |
| ) | |
| STEPHEN D. WILLIAMS      ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582(c)(1)(A)**

The Defendant, Stephen Williams, respectfully moves this Court for an order reducing his sentence to time served based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  As detailed in his *pro se* motion and the instant submission, Mr. Williams is seriously ill and the Bureau of Prisons ("BOP") is not providing him adequate medical care.  Since at least October of 2019, Mr. Williams has experienced severe abdominal pain and gastrointestinal difficulties.  Testing revealed him to be suffering from a bacterial infection of his stomach known as *H Pylori,* which is known to significantly increase the risk of cancer.  In November 2019, he was prescribed a course of antibiotics.  Unfortunately, this treatment proved ineffective.  Since that time, despite entreaties from Mr. Williams and undersigned counsel, the BOP has failed to provide him with a referral to a gastroenterologist or conduct more specialized testing.

Mr. Williams contends that this indifference to his medical needs constitutes an "extraordinary and compelling reason" for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Moreover, because Mr. Williams is approximately 7 months shy of completing his original sentence, a sentence of time served is appropriate and will enable him to pursue much needed medical care.  If released, Mr. Williams would reside with his daughter in Brockton.  This release plan has been approved by the U.S. Probation Office.  For the reasons

described more fully below, a time served sentence is justified by extraordinary and compelling reasons, serves the interests of justice, and is consistent with the 18 U.S.C. § 3553(a) factors and the Sentencing Commission's policy statements.

## PROCEDURAL HISTORY

On March 27, 2018, having entered guilty pleas as to two counts of bank robbery, Stephen Williams was sentenced to 60 months imprisonment, to be followed by three years of supervised release. Dkt. #56. On June 8, 2020, he submitted a *pro se* motion seeking compassionate release, alleging that the BOP was failing to attend to his medical needs. Dkt. #62. On June 9, 2020, the Court appointed undersigned counsel to assist Mr. Williams in seeking compassionate release. Dkt. #63. Mr. Williams is currently incarcerated at USP McCreary in Pine Knot, Kentucky. His projected release date is February 25, 2020.

## WILLIAMS' MEDICAL CONDITION AND LACK OF CARE

In his *pro se* filing seeking compassionate release, Mr. Williams wrote:

"On June 2019, I came into some serious health problems, which I have been trying to address with the medical staff within the FBOP. They claim I have a germ in my stomach, which they never took me in for a MRI or nothing to show what going wrong in my stomach. But medication was provided for a germ three time, which made things much worst [sic].

My stomach cramps up daily to the point where I'm not able to move. Now I'm not being provided with medical attention. I filed everything I can think of. I lost lots of my blood in my stool. My weight was 176 [pounds], now it's 139 [pounds]. Now their [sic] telling me they can't provide medical attention because of Cov. 19 virus."

Dkt. #62, p. 1-2. Undersigned counsel has obtained medical records from the BOP, which are generally consistent with Mr. Williams' report of a longstanding gastrointestinal condition and difficulties in obtaining care. *See BOP Medical Records,* submitted under seal. A brief summary is provided.

On October 24, 2019, Mr. Williams was seen by a medical doctor at FCI-Berlin relative

to a complaint of "abdominal pain." *Id.* at 38.  He reported experiencing abdominal cramps for "2-3 months," noticing blood in his stool on one occasion, and also complained of weight loss (reporting a current weight of 143 pounds, down from 170).  *Id.*  On October 28, 2019, a fecal occult blood sample tested positive for the presence of blood in his stool.  *Id.* at 26.  On November 6, 2019, laboratory testing confirmed the presence of *helicobacter pylori* (commonly referred to as *H pylori*) and a course of antibiotics was prescribed.  *Id.* at 23.

During a follow up examination on November 7, 2019, "[i]t was recommended he go for consultation about needing further investigation [the positive fecal occult blood test]." *Id.* at 21.  Notes further reflect that Mr. Williams did "not want his transfer to be delayed because of a medical issue, so these will be deferred for now."[1]  On December 11, 2019, Mr. Williams was then seen at MDC Brooklyn, where it was noted that he had "been treated with various modalities with no resolution."  *Id.* at 19.  A consultation with a gastroenterologist was requested, as was additional testing (a colonoscopy and an "EGD," esophagogastroduodenoscopy).  *Id.*  There is no indication in that records provided that such consultation and testing occurred.

On January 28, 2020, Mr. Williams (now at USP-McCreary) was seen for a complaint of abdominal pain.  *Id.* at 9.  At that time, he reported having been treated for *H. pylori* and stated that his "abdominal pain never really went away."  *Id.*  Notes from this encounter include a referral for "follow up eval and possible GI consultation," as well as a variety of laboratory testing.  *Id.* at 10.  A follow up examination on February 18, 2020 was much the same, with the attending nurse noted: "routine labs ordered upon arrival which are pending to be drawn. Will leave Consult in as ordered for GI evaluation."  *Id.* at 6.  There is no indication in the records

---

[1] Mr. Williams was transferred to MDC Brooklyn shortly thereafter, on November 14, 2019.  See *BOP Medical Records* at 78.  He was then transferred to USP McCreary on or about December 23, 2019.  *Id.* at 88.

3

provided that a consultation or additional diagnostic testing such as a colonoscopy or EGD has taken place.

In an effort to ensure that he receive timely medical attention, on March 6, 2020, undersigned counsel sent a letter to the Warden at USP-McCreary regarding Mr. Williams' medical condition. *See* Exhibit A *("March 6, 2020 Letter to Warden")*. Undersigned counsel received no response.

## EXHAUSTION AND WAIVER

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits the Court to modify a term of imprisonment provided that "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." It does not appear that Mr. Williams formally sought a reduction in sentence from the Bureau of Prisons before filing his *pro se* motion. On July 7, 2020, undersigned counsel sent a written request for a reduction in sentence under § 3582(c)(1)(A)(i) on behalf of Mr. Williams to the Warden at USP-McCreary. *See Exhibit B ("July 7, 2020 Letter to Warden).* A response has yet to be received.

Mr. Williams therefore moves to waive the exhaustion requirements imposed by statute or, alternatively, for the Court to defer action on this motion until the conclusion of the 30-day requirement on or about August 6, 2020. Presently, there is a split of authority as to the Court's ability to entertain such a waiver. Numerous courts, including apparently this one, have held that the statutory language is binding and not subject to waiver. *See United States v. Muniz,* No. 16-cr-10170-MLW (holding Court lacked the authority to award relief where exhaustion requirements unmet). Others, including Judge Talwani and Judge Young in this District, have found to the contrary and waived exhaustion requirements upon a showing of exigent

circumstances. *See United States v. Soto,* No. 18-cr-10086-IT, Dkt. #56, and *United States v. Ramirez*, No. 17-cr-10328-WGY, Dkt. #121. To the extent that the present motion is premature for failure to exhaust and the Court is disinclined to grant a waiver, Mr. Williams suggests that it would be prudent to defer action on his motion until the 30-day period has passed and his claim has ripened.

## ARGUMENT

As revised by the First Step Act, the defendant must establish "extraordinary and compelling reasons" warranting a reduction in sentence. The court must also consider the § 3553(a) factors, and the reduction must be "consistent" with any "applicable" policy statements issued by the Sentencing Commission.[2] Allowing courts to consider motions by defendants for compassionate release directly was a marked change from the prior statutory regime, under which only the BOP could initiate a request for compassionate release. Whereas previously compassionate release was highly restricted and largely under the purview of the BOP, the First Step Act liberalizes the granting of compassionate release upon a proper showing by the moving defendant.

Stephen Williams has made such a showing and the Court should grant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) because he has demonstrated "extraordinary and compelling reasons" in that he is suffering from a serious medical condition for which treatment has been lacking within the BOP. Moreover, careful consideration of the § 3553(a) factors supports a reduction in sentence to time served.

---

[2] There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act. The Sentencing Commission has not amended or updated the old policy statement (§1B1.13) since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. Nonetheless, though outdated, §1B1.13 explicitly makes reference to the defendant's medical condition and therefore the proposed reduction is consistent with existing policy statements.

Stephen Williams is currently suffering from a medical condition causing him intense stomach pain and gastrointestinal distress. At a minimum, he is suffering from an *H Pylori* infection, a condition known to "significantly increase" the risk of associated cancers.[3] Whether a more serious condition like cancer is present is unknown, given that Mr. Williams has received no consultation with a gastroenterologist or more specialized testing (such as a colonoscopy or EGD). Mr. Williams' condition and the need for more specialized consultation and testing have been known to the BOP for many months, to no avail. This has resulted in a substantial diminishment of his well-being and ability to function, as the cramping in his stomach is so severe as to render him unable to move at times. His suffering, and the apparent indifferent institutional response to it, suffice as extraordinary and compelling reasons for a reduction in sentence. *See United States v. Beck*, 425 F.Supp.3d 573, 578 (M.D.N.C. 2019) (mismanagement of defendant's medical care qualifies as extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i)).

When extraordinary and compelling reasons are established, the Court must also consider the relevant sentencing factors in § 3553(a) to determine whether a sentencing reduction is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). Here, a reduction sentence to time served is warranted under the § 3553(a) factors. Certainly, the Defendant's crimes of conviction were serious and deserving of a substantial punishment. Mr. Williams' scheduled release date is Feb. 25, 2021, meaning that he has completed all but seven months of the sentence originally imposed by the Court. As he noted in his *pro se* pleading, he would be eligible for release to a halfway house already were it not for several old warrants preventing it. Importantly, under §3553(a)(2)(D), the Court must also consider the the need to provide the defendant with needed medical care in

---

[3] Wroblewski et. al, *Helicobacter pylori and Gastric Cancer: Factors That Modulate Disease Risk,* CLINICAL MICROBIOLOGY REVIEWS (Oct. 2010), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2952980/

the most effective manner. See §3553(a)(2)(D).  In light of his present medical condition, a sentence of time served would facilitate his access to such services.  This, in concert with the Defendant's age and approved release plan to reside with his daughter, favors a reduction in his sentence to time served.

## CONCLUSION

For the foregoing reasons, Stephen Williams respectfully requests that the Court grant a reduction in his sentence to time served.

Respectfully submitted,

STEPHEN WILLIAMS
By His Attorney,

*/s/ Scott Lauer*
Scott Lauer
BBO # 667807
Federal Public Defender Office
**Temporary Mailing Address:**
P.O. Box  51268
Boston MA 02205
**Physical Address:**
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061
Scott_Lauer@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Scott Lauer*

Scott Lauer